Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4063 | **DATE** | 7/12/2004 |
| **CASE TITLE** | Georgia Mindell vs. David Kronfeld et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Reconsideration or in the Alternative Leave to File Second Amended Complaint [Doc. No. 36]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Plaintiff's motion for reconsideration, or in the alternative, leave to file an amended complaint [Doc. No. 36] is DENIED in part and GRANTED in part. Plaintiff's motion for reconsideration is DENIED; however, Plaintiff's motion for leave to file a second amended complaint is GRANTED. Plaintiff is given leave fo file a second amended complaint in accordance with this Court's June 8, 2004 memorandum opinion and order. Plaintiff's amended complaint is to be filed by July 23, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 15 2004 | 38 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| slf(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGIA MINDELL, )
)
Plaintiff, )
) No. 03 C 4063
v. )
) HONORABLE DAVID H. COAR
DAVID KRONFELD AND BONCHER AND )
ANDERSON, LTD. f/d/b/a ARIA MODEL & )
TALENT MANAGEMENT, LTD. )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Georgia Mindell ("Plaintiff" or "Mindell") filed a cause of action against Defendants David Kronfeld ("Kronfeld") and Boncher and Anderson f/d/b/a Aria Model & Talent Management, Ltd. ("Aria"), for sexual discrimination and sexual harassment based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e) et seq., and for intentional infliction of emotional distress. On December 5, 2003, Kronfeld filed a motion to dismiss Plaintiff's Amended Complaint in its entirety, and asserted that he could not be held individually liable under Title VII. Additionally, Kronfeld contended that the doctrine of *res judicata* barred Plaintiff's action against Kronfeld for intentional infliction of emotional distress. Aria also filed a motion to dismiss Count IV of Mindell's action for intentional infliction of emotional distress. On June 8, 2004 this Court issued a memorandum opinion and order that dismissed all counts of Plaintiff's Amended Complaint against Kronfeld, and dismissed Count IV of Mindell's Amended Complaint against Aria. Mindell v. Kronfeld, No. 03 C 4063, 2004 WL 1322931 (N.D. Ill. 2004)

at * 9. Mindell now requests that this Court reconsider its June 8, 2004 Memorandum Opinion and Order. Alternatively, if the Court does not grant Plaintiff's motion for reconsideration, Mindell requests that the Court grant her leave to file an amended complaint. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED. However, Plaintiff's motion to file an amended complaint in accordance with the Court's June 8, 2004 Memorandum Opinion and Order is GRANTED.

## I. Legal Standard for Motion for Reconsideration

Motions for reconsideration shall be granted "to correct manifest errors of law or fact or to present newly discovered evidence." Keene Corp. v. International Fidelity Ins. Co., 561 F.Supp. 656, 665-66 (N.D. Ill. 1982) aff'd., 736 F.2d 388 (7th Cir. 1984). A motion for reconsideration should be granted only if the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)). A further basis for a motion for reconsideration is a significant change in the law or facts since the submission of the issues to the court by the parties. Id. Such problems rarely arise; therefore the motion for reconsideration should be equally rare. Id.

## II. Analysis of Mindell's Motion for Reconsideration[1]

### A. *Mindell's Arguments for Reconsideration of No Individual Liability Under Title VII*

The Plaintiff does not contest this Court's interpretation of the Seventh Circuit opinions which hold that Title VII does not impose individual liability on employees. See Gastineau v. Fleet Mortgage Corporation, 137 F.3d 490, 493 (7th Cir. 1998). Rather, Mindell contends that there are cases within the Northern District of Illinois that have allowed individual liability under Title VII when employees of a corporation act not as "agents," but as actual employers. Plaintiff cites the cases Fabiszak v. Will County Bd. of Commissioners, 1994 WL 698509 (N.D. Ill. 1994) and Curcio v. Chinn Enterprises, Inc., 887 F.Supp. 190 (N.D. Ill. 1995), both decided by Judge Gettleman. Plaintiff argues that these are both examples of the Northern District of Illinois allowing a plaintiff to maintain a Title VII action under the so-called "alter ego" theory, and because they have not been overruled, the Court should view these cases as persuasive authority, and reconsider its ruling that Kronfeld is not subject to individual liability under Title VII. The Court notes that although it did not directly address these cases in its June 8, 2004 Memorandum Opinion and Order, the Court carefully examined the holding of these two cases. However, after examining subsequent developments of "alter ego" liability under Title VII, the Court determined that current Seventh Circuit precedent prevents the Plaintiff from bringing forth a Title VII claim against an individual employee, even under an "alter ego" theory.
See EEOC v. AIC Sec. Investigators, Ltd., 55 F.3d 1276 (7th Cir. 1995) (while the court did not directly address "alter ego" theory liability, when addressing the possibility of an individual

---

[1] For purposes of this Opinion, the Court assumes familiarity with its June 8, 2004 Memorandum Opinion and Order.

defendant's liability, the Seventh Circuit seemed to indicate that it would not impose liability under that theory, by stating, "but as to [ individual defendant's] individual capacity liability it does not matter even if she was [the defendant corporation's] alter ego." Id. at 1282, n. 11.); see also Worth v. Tyer, 276 F.3d 249 (7th Cir. 2001) (where, among other reasons, the court noted a rejection of the "alter ego" theory of liability based on "Congress' aversion to individual liability under Title VII." Id. at 262 (internal citations omitted)). Therefore, although Fabiszak v. Will County Bd. of Commissioners and Curcio v. Chinn Enterprises, Inc., have not been expressly overruled, the Seventh Circuit has seemingly rejected an "alter ego" theory of liability in subsequent opinions.[2] The Plaintiff has not shown that the Court made a manifest error of law; nor has she provided new facts that compel this Court to reconsider its ruling that Kronfeld is not subject to individual liability under Title VII. Consequently, Mindell's motion to reconsider Kronfeld's individual liability based upon an "alter ego" theory is denied.

*B. Plaintiff's Motion for Reconsideration of Intentional Infliction of Emotional Distress Claims*

Additionally, Mindell argues that this Court should reconsider its holding that Plaintiff's claims for intentional infliction of emotional distress were "inextricably linked" to her claim of sexual harassment, and therefore, the court lacks subject matter jurisdiction over those claims,

---

[2] Notably, a number of district court opinions from the Northern District of Illinois have rejected an "alter ego" theory of liability as well. See e.g., Jackson v. International Broth. of Teamsters, Local Union No. 705, No. 02 C 2745, 2002 WL 31572544 (N.D. Ill. 2002); Kacprowski v. Advanced Reproductive Health Center, Inc., No. 00 C 7884, 2001 WL 717483 (N.D. Ill. 2001); Solon v. Kaplan, No. 00 C 2888, 2001 WL 123769 (N.D. Ill. 2001); Bell v. Koerten, No. 99 C 1040, 1999 WL 971282 (N.D. Ill. 1999).

pursuant to the Illinois Human Rights Act. Plaintiff presents information discovered on March 9, 2004, after Defendants filed their motions to dismiss. Plaintiff's amended complaint alleges that Kronfeld was introduced to Aria's staff as a new co-owner/chairman on or about November 2000. However, when the deposition of Mary Boncher ("Boncher") was taken on March 9, 2004, Boncher testified that Kronfeld became an owner of Aria on February 28, 2001. One of Plaintiff's claims for intentional infliction of emotional distress is that Kronfeld forcefully pulled Mindell onto his lap at a convention in South Carolina in January 2001, which based on Boncher's deposition, was prior to Kronfeld's employment relationship with Aria. Therefore, Plaintiff contends, this newly discovered information regarding Kronfeld's hire date warrants reconsideration of the dismissal of Mindell's intentional infliction of emotional distress claim.

Although the date that Kronfeld's business relationship with Aria officially began is noteworthy, this information is not sufficient for a reconsideration of the dismissal of Plaintiff's intentional infliction of emotional distress claim. Though not officially with Aria until February 28, 2001, Kronfeld obviously held himself out to be some sort of employee of Aria's prior to that date, or he would not have had the requisite contacts with Plaintiff in January 2001. Therefore, the date Kronfeld officially became an owner of Aria does not change the analysis of Plaintiff's claims before this Court. As such, this newly discovered information is not sufficient to warrant reconsideration of Mindell's intentional infliction of emotional distress claim.

Additionally, Plaintiff asks that the Court reconsider its ruling dismissing Plaintiff's intentional infliction of emotional distress claim, because certain events occurred subsequent to Mindell's termination from Aria, including Plaintiff's allegations that Aria employees phoned Plaintiff's subsequent employers and made disparaging and defamatory remarks. However, the

Plaintiff addressed these arguments in her briefs opposing Defendants' motions to dismiss, and the Court carefully analyzed and addressed those arguments in its June 8, 2004 Memorandum Opinion and Order. Mindell has failed to show that the court has made a manifest error of law; additionally, she has failed to present any new facts that warrant reconsideration of this issue. Consequently, Plaintiff's motion to reconsider the dismissal of her intentional infliction of emotional distress claim is denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. However, Plaintiff's motion to file an amended Complaint in accordance with the Court's June 8, 2004 Memorandum Opinion and Order is GRANTED.

Enter:

David H. Coar
United States District Judge

Dated: **July 12, 2004**